IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAC ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| CONSOLIDATED COMMUNICATIONS | § | |
| HOLDINGS, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the Plaintiff, Mac Ortiz, and files his Original Complaint complaining of Defendant, Consolidating Communications Holdings, Inc., and for cause of action would respectfully show the Court as follows:

### PARTIES

1. Plaintiff, Mac Ortiz, is an individual that is a citizen of the State of Texas who lives in Aledo, Texas.

2. Defendant, Consolidated Communications Holdings, Inc., is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Illinois. Defendant may be served with process by serving its registered agent, Bob Udell, at 350 S. Loop 336 W, Conroe, Texas 77034-3308.

### JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interests and costs. Plaintiff Mac Ortiz, is a citizen of Texas, and

Defendant Consolidated Communications Holding, Inc., is headquartered in Illinois. The amount in controversy is $194,000 plus attorney fees.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Texas as Plaintiff worked out of his home office for Defendants which was located in the Fort Worth Division.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## FACTS

6. Defendant is in the business of selling data circuits.

7. Plaintiff was employed by Defendant as a salesperson.

8. Plaintiff worked as Market Channel Manager for Defendant, who paid him a salary of $70,000 plus commissions.

9. On December 8, 2016, plaintiff and defendant executed a written contract agreeing to the 2016 Consolidated Communications Compensation Plan.

10. Under the commission plan, Mr. Ortiz was supposed to receive 1.45% on sales he obtained.

11. In 2016, through his hard work and persistent efforts, Plaintiff obtained a lucrative sale of Defendant's product to the UT Health Science Center Tyler.

12. Under the commission plan, Plaintiff was supposed to receive a total of $388,000 from Defendant for the UT Health Science Center Tyler sale.

13. However, Plaintiff only received $194,000 of the commission from Defendant he was due under his contract.

14. Thus, Defendant breached its contract with Plaintiff by failing to pay him the remaining $194,000.

## BREACH OF CONTRACT

15. Plaintiff has performed his obligations under the contract.

16. Defendant has not performed its contractual obligations.

17. Specifically, Defendant refused to pay Plaintiff the remaining $194,000 in commissions owed on the sale of the UT Health Science Center Tyler.

18. Defendant's refusal to pay Plaintiff is a breach of the parties' contract.

## UNJUST ENRICHMENT

19. Defendant would be unjustly enriched if it were allowed to retain half of Plaintiff's commission in light of Plaintiff's hard work and persistent efforts to obtain Defendant a lucrative contract with UT Health Science Center Tyler.

20. As a result of Defendant's unjust enrichment, Plaintiff is entitled to $194,000.

## DAMAGES

21. As a direct and proximate result of defendant's breach, plaintiff suffered the following damages of $194,000 in commission.

## ATTORNEY FEES

22. As a result of defendant's breach, plaintiff retained an attorney and seeks reimbursement for his reasonable and necessary attorney fees, pursuant to § 38.001 of the Texas Civil Practice and Remedies Code.

## JURY DEMAND

23. Plaintiff, Mac Ortiz, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial

by jury on all issues.

## PRAYER

24. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. $ 194,000 for damages resulting from defendant's breach.

   b. Reasonable and necessary attorney fees.

   c. Prejudgment and postjudgment interest.

   d. Costs of suit.

   e. All other relief the Court deems appropriate.

Respectfully submitted,

/s/JASON C.N. SMITH
JASON C.N. SMITH
State Bar No. 00784999

LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
(817) 334-0880, telephone
(817) 334-0898, fax
Email: jasons@letsgotocourt.com

ATTORNEYS FOR PLAINTIFF